IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and the ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. | ) ) ) ) ) ) ) ) | |
| | ) ) | Case No.: 12 CV 4870 |
| ARCHITECTURAL and ORNAMENTAL IRON WORKERS' UNION LOCAL NO. 63, | ) ) ) | Assigned Judge: St. Eve |
| Plaintiffs, | ) ) | Magistrate Judge: Kim |
| v. | ) ) ) | |
| ADL INSTALLERS, INC. | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS INITIAL STATUS REPORT**

Now comes the Plaintiff, pursuant to the Court's Order, filing this initial status report:

Plaintiff's filed this claim on June 19, 2012 and the Defendant was served with a copy of the Complaint and Summons on June 28, 2012. The Defendant is now currently in default. Defendant has not retained counsel as of the date of filing of this report.

**1. Nature of the Case**

A. Attorneys of Record:

Mr. Frank A. Marco, Mr. Michael J. McGuire of Gregorio & Associates, 2 N. LaSalle St. Suite 1650, Chicago, IL 60602. Ph: (312) 263-2343, Fax: (312) 263-2512. Attorney's for the Plaintiffs. Mr. Marco is expected to be the lead trial attorney in this case.

The Defendant has not yet retained an attorney in this matter.

B. Basis for Federal Jurisdiction:

This action arises under section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act (29 U.S.C. §§ 1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

C. Nature of Claims Asserted:

The Plaintiff's are Trust Funds that receive contributions from the Defendant pursuant to a Collective Bargaining Agreement between the Defendant and the Local Union. The Defendant breached the terms of the CBA by failing to pay contributions and reports for the months of December 2011 through March 2012.

The Defendant is currently in default and there are no pending counterclaims.

D. Major Legal and Factual Issues

No major legal issues are expected in this matter. The Collective Bargaining Agreement outlines the rates of contributions that must be made. All other issues will arise under ERISA and the allowance for fees, liquidated damages, interest, and costs.

There are no major factual issues yet to be decided. The amounts claimed by the Plaintiffs are based on contributions reports submitted and signed by the Defendant. Liquidated damages and interest calculations are based on the amount of contributions owed.

E. Relief Sought by Plaintiff

Plaintiffs are seeking unpaid contributions, liquidated damages, interest, and attorney's fees and costs pursuant to Section 1132(g)(2) of ERISA. Plaintiffs are currently claiming that the Defendant owes unpaid contributions and liquidated damages for the time period of December 2011 through March 2012 in the total amount of $187,779.03, $37,555.81 in liquidated damages, and $ 2,596.50 in attorney's fees and cost.

**2. Pending Motions and Case Plan**

A. Pending Motions:

There are currently no pending motions in this matter.

B. Discovery Plan:

    a.    Plaintiffs will need to issue Interrogatories and Request to Produce to Defendant concerning the unpaid contributions reports. It is anticipated that the parties will require 1-2 depositions each to complete discovery. To date, no depositions have been scheduled.
    b.    Plaintiffs will answer Rule 26(a)(1) disclosures by August 10, 2012

  c.  Plaintiffs will issue written discovery by September 7, 2012.
  d.  Plaintiffs propose that fact discovery be completed on December 7, 2012.
  e.  Plaintiffs do not plan on using any expert discovery in this matter but propose that any expert discovery be completed by January 18, 2013 and any expert reports be delivered by February 8, 2013.
  f.  Plaintiffs suggest that all dispositive motions be filed on or before March 13, 2013.

C. Trial

  a.  Plaintiffs are not entitled to a trial by jury in this matter.
  b.  The anticipated length of trial is approximately 2-3 days.

## 3. Consent to Proceed Before a Magistrate Judge

Plaintiffs do not consent to proceed before the Magistrate Judge at this time. Defendant has not answered or otherwise responded to the complaint.

## 4. Settlement Discussions

A. The Plaintiff has had several settlement discussions with the Defendant concerning liquidated damages, and attorney's fees. Plaintiff's counsel has contacted the principal of ADL Installers, Inc. and has had multiple conversations regarding a payment plan.

B. The multiple settlement discussions with the Defendant have led to a 12 month payment plan proposal made by the Defendant to cure the entire balance of the Trust Fund delinquency, liquidated damages, interest, and attorney fees claimed by the Plaintiffs.

C. The parties do not request a settlement conference at this time.

          Respectfully Submitted,

        By:  /s/Michael J. McGuire
           Michael J. McGuire

Michael J. McGuire
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343